IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KOBI J. MULLINS,

    Plaintiff,

v.                                               Civil Action No. 3:16cv841

WELLS FARGO BANK, N.A.,
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 3), the MOTION FOR SUMMARY JUDGMENT filed by the plaintiff (ECF No. 5), DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DEEM THE PLAINTIFF'S AMENDED COMPLAINT FILED (ECF No. 7), and DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF FACT (ECF No. 13). For the reasons set forth below, the DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 3) will be granted; the MOTION FOR SUMMARY JUDGMENT (ECF No. 5) will be denied; DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DEEM THE PLAINTIFF'S AMENDED COMPLAINT FILED (ECF No. 7) will be denied as moot; and DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF FACT (ECF No. 13) will be granted.

**PROCEDURAL BACKGROUND**

The plaintiff, Kobi J. Mullins, filed a document entitled "Quiet Title Compliant" [sic] (ECF No. 1-4, pp. 13-15) in the Circuit Court of Chesterfield County to which was attached a document entitled "AFFIDAVIT OF FACT" (ECF No. 1-4, pp. 14-17). Together those documents will be referred to as the "Quiet Title Complaint."

The action arises out of a promissory note as to which Mullins is in default and a foreclosure on the mortgaged property. Mullins attached to the Quiet Title Complaint over 100 pages of documents, a few of which pertain to the loan and most of which are nonsensical, concocted by Mullins (such as "Demands for Validation of Subscribed Oath of Office" and similarly irrelevant documents) of no legal import.

The Quiet Title Complaint names as defendants: (1) Wells Fargo Bank, N.A. ("Wells Fargo"), the holder of the promissory note; (2) Samuel I. White, PC ("SIWPC"), the trustee on the Deed of Trust; (3) the law firm of Shuttleworth, Ruloff, Swain, Haddard & Morecock (the "Shuttleworth Firm"), as to whom no allegations are made in the Quiet Title Complaint[1]; and (4) Fidelity National Title Insurance Company ("Fidelity"), which has not been served and as to which no allegation is made in the Quiet Title Complaint.

---

[1] Indeed, the Shuttleworth Firm is mentioned only in the caption.

2

The allegations of the Quiet Title Complaint are conclusory, garbled, and nonsensical. Like many *pro se* complaints, these statements use flowery and meaningless phrases apparently thought by Mullins to have some legal import, but which, in reality, serve to obscure whatever claims are being made.

Nonetheless, the defendants have sought to determine what they think this matter is about (to the extent that can be discerned). To some extent, the defendants have presented contextual information based on their dealings with Mullins through the course of a lengthy history of substantial defaults on his loan payments.

As the defendants set it, Mullins seeks to quiet title to the mortgaged property by attacking the validity of a foreclosure sale that Wells Fargo and SIWPC initiated. In particular, Mullins seems to claim superior right to the mortgaged property under three theories: (1) that Wells Fargo "split" the promissory note from the Deed of Trust, thereby rendering the Deed of Trust null and void; (2) that there are defects in the securitization of the note that relieve Mullins of the obligation to repay his loan; and (3) the so-called "show me the note" theory, arguing that the inability of Wells Fargo to produce the original note relieves Mullins of the obligation to pay it.

Mullins seems to agree that the defendants have accurately set out the bases for his "quiet title" claim. Hence, the Court will consider that to be the case.

Also, the Quiet Title Complaint vaguely mentions a "fraudulent scheme" (Quiet Title Compl. ¶ 3) and alludes to "false representations" (Quiet Title Compl., Aff. of Fact ¶ 9). However, it is not possible to discern from the pleadings either the nature of the "fraudulent scheme" or the substance of the "false representations."

Finally, the Quiet Title Complaint alleges, in conclusory language, that Wells Fargo and SIWPC violated several federal statutes, namely the Truth in Lending Act, 15 U.S.C. § 1601, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5533, the Freedom of Information Act, 5 U.S.C. § 552, the Federal Trade Commission Act, 15 U.S.C. § 45, and the Uniform Commercial Code §§ 9-203(b) and 9-210. The Quiet Title Complaint is devoid of any factual allegations regarding how those federal statutes were violated.

On September 2, 2016, Mullins filed an Amended Petition To Quiet Title To Realty (the "Amended Petition") (ECF No. 8-2, pp. 2-3) in which he proposed to add "Fannie Mae" as a defendant. The Amended

Petition, however, makes no allegation that Fannie Mae acted either wrongfully or unlawfully. In fact, the Amended Petition makes no factual allegation about Fannie Mae's conduct except to state that "Fannie May claims ownership of my land and real estate." (ECF No. 8-2, p. 2). Nothing in the record shows that Fannie Mae has been served.

This action was timely removed to this Court on October 14, 2016 (ECF No. 1).

**FACTUAL BACKGROUND**

On February 1, 2008, Mullins entered into a loan agreement with Wells Fargo for the property located at 5346 Meadoway Road, Chesterfield, Virginia (the "Property"). (Quiet Title Compl. ¶ 3, Ex. A; Aff. of Fact ¶¶ 2-5). The loan is evidenced by a promissory note (the "Note") in the amount of $285,150.00. The Note is secured by a Deed of Trust. The Note, the Deed of Trust, and the accompanying documents collectively are referred to as the "Loan Documents". (Mot. to Dismiss, Ex. A, Ex. B).[2] SIWPC, on behalf of Wells Fargo, is the

---

[2] When considering a motion to dismiss under Rule 12(b)(6), the Court may consider documents referenced in the complaint. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). If a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider that motion without converting it to one for summary judgment. Gasner v. County of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995). Here, Mullins' Note and Deed of Trust are referenced in the exhibits to the Complaint and are central to his claims. Furthermore, both documents are

trustee on the Deed of Trust.

According to Mullins, he made mortgage payments to Wells Fargo from April 1, 2008 through April 2016. (Quiet Title Compl., Aff. of Fact ¶ 6). It appears that Wells Fargo scheduled a foreclosure sale, but the Quiet Title Complaint makes no mention of Mullins defaulting on his loan. See (Quiet Title Compl. ¶ 3). Nonetheless, it can be inferred that Mullins went into default by not making payments required by the Loan Documents and that Wells Fargo scheduled a foreclosure sale on the Property. That inference is supported by all the other briefing papers. This litigation, an apparent effort to forestall the foreclosure, ensued.

## LEGAL STANDARD

In all civil cases, pro se or otherwise, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a Complaint. Jordan v. Alternative Resources Corp., 458 F.3d 332, 338 (4th Cir. 2006). Courts should assume the veracity of all well-pleaded allegations in the Complaint, and should deny a motion to dismiss where those well-pleaded allegations state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). A claim is "plausible" when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant

---

publicly available at the Chesterfield County Circuit Court Clerk's Office.

is liable for the alleged misconduct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court should grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct. Iqbal, 556 U.S. at 678-79.

Although courts must typically construe a pro se plaintiff's pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), a court is not required to accept a pro se plaintiff's legal conclusions that are presented as factual allegations, Twombly, 550 U.S. at 555. Nor should accept, as facts, "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. T.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. Courts should freely give leave when justice so requires." "Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Djenasevic v. Dep't of Justice, No. 16-6085, 2016 WL 4120669, at *1 (4th Cir. Aug. 3, 2016) (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

## DISCUSSION

At the outset, it is essential to keep in mind that the Quiet Title Complaint is devoid of any understandable factual allegations that would permit a finding that any of the claims alleged therein as against any defendant (Wells Fargo, SIWPC, the Shuttleworth Firm or Fidelity) are plausible within the meaning of Twombly and Iqbal. Thus, the Quiet Title Complaint, in its entirety, can be dismissed against all defendants for that reason alone.[3]

Nonetheless, as explained above, Wells Fargo and SIWPC have sorted through the Quiet Title Complaint and have identified therein the perceived rationale for the quiet title claim. And, Mullins, in his various papers, seems to agree that Wells Fargo and SIWPC have correctly identified his theories for that claim. Therefore, the Court will assess that claim as the parties have posited it even though, on the face of the Quiet Title Complaint, the quiet title claim fails the rule of Twombly and Iqbal. Next, the Court will assess the fraud claims. Then, the Court will address the several federal statutory claims.[4]

---

[3] The Amended Petition is irrelevant to the motion to dismiss for its only purpose was to add Fannie Mae as a defendant, and it presents nothing of substance that affect the defendants originally named in the Quiet Title Complaint.

[4] Because the Quiet Title Complaint asserts federal statutory claims, there is subject matter jurisdiction over the action under 28 U.S.C. § 1331. There is also subject matter jurisdiction under 28 U.S.C. § 1332 because the citizenship of the plaintiff and Wells Fargo is

I.  **Virginia Common Law Quiet Title Claim**

Mullins attempts to quiet title to the Property by attacking the validity of the foreclosure sale initiated by Wells Fargo and SIWPC by claiming superior right to the Property based on three separate theories: (1) the "splitting" of the Note from the Deed of Trust; (2) defects in the securitization of his loan; and (3) the failure of the defendants to show him the Loan Documents.[5] None of these three theories are viable under Virginia law.

A.  **"Split-the-Note"**

Mullins first attacks the enforceability of the Deed of Trust. He argues that separation of the Deed of Trust from the Note makes the Deed of Trust "null, deficient, and illegal." (Quiet Title Compl. ¶¶ 7, 9). According to Mullins, separation of the Note from the Deed

---

diverse, the citizenship of SIWPC, as trustee and nominal party to the suit, is to be disregarded, see Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980), and the defendants, the Shuttleworth Firm and Fidelity, are fraudulently joined, there being no allegation made against either, in the Quiet Title Complaint.

[5] Mullins also alludes to a claim against Wells Fargo based on a Consent Order issued to Wells Fargo by the Federal Reserve Board on April 13, 2011. (Quiet Title Compl. ¶ 7). However, Mullins is not a party to the Consent Order, nor are his rights and obligations affected by the Order. See Pena v. HSBC Bank USA, No. 1:14cv1018, 2014 WL 5684798, at *5 (E.D. Va. Nov. 4, 2014). Furthermore, the Consent Order states that "[n]othing in . . . this Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy, or claim under the Stipulation and Consent of this Order." Cagle v. CitiMortgage, Inc., No. 3:13cv807, 2015 WL 2063990, at *3 n.8 (E.D. Va. May 1, 2015). Accordingly, the Consent Order does not furnish Mullins with a claim of any sort.

of Title makes the Loan Documents a legal nullity.

Mullins provides no support in the law for the proposition that, in Virginia, separation of the Note from the Deed of Trust nullifies the enforceability of either document.[6] To the contrary, this District recognizes that separation of the Note from the Deed of Trust "does not render the Deed unenforceable nor does it leave the Note unsecured. Under Virginia law, when a note is assigned, the deed of trust securing that debt necessarily runs with it." Ruggia v. Washington Mut., 719 F.Supp.2d 642, 646-47 (E.D. Va. 2010) (citing Williams v. Gifford, 139 Va. 779, 784 (1924)).[7] At least, where, as here, there is no conflict between the Note and the Deed of Trust, the two documents "may be viewed together as representing the complete agreement of the parties." See Va. Housing Dev. Authority

---

[6] To support his "split-the-note" theory, Mullins cites Carpenter v. Longan, 83 U.S. 271, 274 (1872) which holds that "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." That language, however, is inapplicable because the Court was addressing Colorado Territorial law and federal common law. That decision has nothing to do with Virginia law pertaining to this case.

[7] With respect to the separation of deeds of trust from their underlying notes, the Supreme Court of Virginia noted " . . . in appropriate circumstances, we have recognized that 'notes and contemporaneous written agreements executed as part of the same transaction will be construed together as forming one contract.' So long as neither document varies or contradicts the terms of the other, terms of one document which clearly contemplate the application of terms in the other may be viewed together as representing the complete agreement of the parties." Va. Housing Dev. Authority v. Fox Run Ltd. P'ship, 255 Va. 356, 364-65 (1998).

v. Fox Run Ltd. P'ship, 255 Va. 356, 365 (1998). Thus, Mullins' first theory fails as a matter of law.

B. **Securitization of the Loan**

Mullins raises unarticulated problems with the securitization of the loan, and asserts that those problems (whatever they may be) relieve him of his obligation to repay the loan. In Jesse v. Wells Fargo Home Mortg., 822 F.Supp.2d 877, 880 (E.D. Va. 2012), the court recognized that Virginia is a non-judicial foreclosure state, and that "there is no legal authority that the sale or pooling of investment interest in an underlying note" – the "securitization process" – "can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property."[8] Therefore, Mullins' attack on the securitization of the loan fails as a matter of law.

C. **"Show Me the Note"**

Mullins lastly argues that the foreclosure sale is invalid based on "show me the note" arguments that are made in paragraphs 11, 12, 13, and 14 of the Affidavit of Fact. The "show me the note" theory has been widely rejected as "contrary to Virginia's non-judicial foreclosure laws." See, e.g., Pham v. Bank of New York, 856 F. Supp.2d

---

[8] In any event, Grenadier v. BWW Law Group, No. 1:14cv827, 2015 WL 417839, at *5 (E.D. Va. Jan. 30, 2015) holds that the borrower on a loan lacks standing to challenge any defects in the securitization process for the Note. Thus, if that is what Mullins is alleging, he lacks standing to assert that theory.

11

804, 810 (E.D. Va. 2012). Virginia law allows a trustee to foreclose on a loan in default, even if the original note cannot be found, without first seeking a court order. See id. To accept a "show me the note" argument would "compel judicial intervention in any foreclosure proceeding where a deed of trust has changed hands or a substitute trustee has been appointed." Id. Therefore, this theory too must be rejected.

In sum, Mullins' quiet title action fails for lack of a predicate. In that regard, it must be remembered that, to quiet a title[9] in Virginia, a plaintiff must assert that he has superior rights to the adverse claimant. Squire v. Va. Housing Dev. Authority, 287 Va. 507, 519 (2014).

In Tapia v. U.S. Bank, 718 F. Supp.2d 689, 700 (E.D. Va. 2010), aff'd, 411 F. App'x 166 (4th Cir. 2011), the court rejected the plaintiffs' quiet title claim because the plaintiffs did not allege that they fully satisfied their obligations under the note, or that their debt was otherwise cancelled or forgiven. In Gallant v. Deutsche Bank Nat'l Trust Co., 766 F.Supp.2d 714, 721 (W.D. Va. 2011), the court dismissed the plaintiff's quiet title claim because the complaint contained no facts supporting the plaintiff's claim to superior title.

---

[9] "[A]n action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against the title." Main v. Adams, 277 Va. 230, 238 (2009).

Like the plaintiffs in Tapia and Gallant, Mullins alleges no facts that plausibly suggest that he has superior rights to the Property. Mullins only alleges in conclusory fashion that "the claims of said [d]efendants are without any right whatsoever, and said defendants have no legal or equitable right, claim, or interest in said property." (Quiet Title Compl. ¶ 6). Legal conclusions of this kind are not entitled to the presumption of truth. Nor are they sufficient for a court to infer that the quiet title claim is at all plausible. See Iqbal, 556 U.S. at 678-79. Indeed, the Court cannot find that such a claim is even possible. Because Mullins' quiet title claim fails as a matter of law, an effort to amend the claim would be futile.

## II. Virginia Common Law Fraud Claims

In his "Affidavit of Fact", Mullins asserts that Wells Fargo made "false representations intentionally, fraudulently, and deceptively to influence [Mullins] into the mortgage contract." (Quiet Title Compl., Aff. of Fact ¶ 8). He further alleges that he relied on those false representations and pledged a security interest in the Note to Wells Fargo. (Id. ¶ 9). Wells Fargo argues that Mullins' claims for fraud are not pled with sufficient particularity to state a claim under Virginia common law. Wells Fargo notes that any claim of fraud in the initiation of Mullins' loan is barred by the statute of limitations in Virginia.

13

The elements of a fraud claim under Virginia law are: (1) a "false representation of a material fact, made intentionally and knowingly, with intent to mislead"; (2) that Mullins reasonably relied on the false representation; and (3) that his reliance led to damages.[10] Sales v. Kecoughtan Hous. Co., Ltd., 274 Va. 475, 481 (2010)(internal citations omitted). Federal law, not Virginia law, establishes the pleading prerequisites for a fraud claim.

Under Federal Rule of Civil Procedure 9(b), a party "must state with particularity the circumstances constituting fraud." "The circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [it] obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999)(internal quotations omitted). Mere allegations of "fraud by hindsight" are insufficient to meet the Rule 9(b) particularity requirement. Id. (citing Hillson Partners Ltd. P'ship v. Adage, Inc., 42 F.3d 204, 208 (4th Cir. 1994)).

Mullins alleges that Wells Fargo committed fraud by inducement in the months leading up to Mullins signing the Loan Documents. (Quiet Title Compl. ¶ 4, Aff. of Fact ¶ 8). He does not, however, allege

---

[10] Mullins has not sought to advance a negligent misrepresentation predicate for the fraud claim. Hence, it is not necessary to assess such a claim.

14

facts specifying the fraud perpetrated by the defendants. Nor does Mullins plausibly plead that any false representations made by the defendants were intentional or knowing. Mullins simply recites the elements of fraud without alleging any supporting facts. The fraud claim is therefore legally insufficient. It is neither properly pled under Rule 9(b) nor legally sufficient under Virginia substantive law.

The statute of limitation for fraud in Virginia is two years and accrues when the fraud "is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code Ann. §§ 8.01-243, 8.01-249. Mullins signed the Loan Documents on February 1, 2008. (Def. Motion to Dismiss, Ex. A, B). Over eight years later, Mullins now claims fraud. As Wells Fargo correctly argues, a diligent person would have reviewed the documents he signed and been aware of his obligations with the execution of the Loan Documents. Mullins could have investigated his obligations under the Loan Documents and determined that Wells Fargo fraudulently misrepresented their terms if that had been the case. He had two years to do so and file a claim but did not. And, there is nothing in the Quiet Title Complaint to suggest that the tolling doctrine would save Mullins' claim. Accordingly, Mullins' fraud claims are time-barred under the two-year statute of limitations. Because that bar appears on the face of the Quiet Title Complaint, any amendment

15

would be futile.

### III. The Federal Statutes

The claims that are based on the federal statutes are mere conclusory allegations that the statutes were violated. Not one fact is alleged to support any violation of any federal statute. Therefore, all of those claims fail to satisfy the requirements of Twombly and Iqbal, and they must be dismissed. There is no claim under the Uniform Commercial Code because it is not the law of Virginia and there is no fact alleged to raise a plausible claim under Virginia's version of the Uniform Commercial Code.

### IV. The Plaintiff's Motion for Summary Judgment (ECF No. 5)

For the reasons set forth in Section I through III above, there are no viable claims asserted in the Quiet Title Complaint or the Amended Petition. Therefore, Mullins is not entitled to summary judgment and his motion will be denied.

### V. Wells Fargo's Motion to Deem the Plaintiff's Amended Complaint Filed (ECF No. 7)

The record shows that Mullins filed the Amended Petition well before removal. However, its only purpose is to add Fannie Mae as a defendant. On its face, the Amended Petition states no claim against Fannie Mae and thus the amendment is a futility.

The Amended Petition does not change the claims against the other three defendants. Hence, there is no reason to warrant a finding that it is deemed filed in this removed action. Therefore, DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DEEM THE PLAINTIFF'S AMENDED COMPLAINT FILED (ECF No. 7) will be denied as moot.

### VI. The AFFIDAVIT OF FACT (ECF No. 12)

The AFFIDAVIT OF FACT (ECF No. 12) that Wells Fargo seeks to have stricken is nonsensical gobbledygook. The motion is well-taken, and it will be granted.

### CONCLUSION

For the foregoing reasons, the DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 3) will be granted; the MOTION FOR SUMMARY JUDGMENT (ECF No. 5) will be denied; DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DEEM THE PLAINTIFF'S AMENDED COMPLAINT FILED (ECF No. 7) will be granted; and DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF FACT (ECF No. 13) will be granted.

Also, the action will be dismissed as against the defendants, Shuttleworth Firm and Fidelity because no claim is made against them.

Finally, Mullins has filed numerous documents that are of no legal import and are simply nonsensical. They are: DISCOVERY (ECF No. 15); REQUEST FOR JUDICIAL OFFICERS OATH OF OFFICE & PROOF OF INSURANCE (ECF No. 16); DEMAND FOR OATH OF OFFICE (ECF No. 17); AFFIDAVIT OF FACT (ECF No. 18); Letter "Re: FOIA Request – Demand

of Oath of Office" (ECF No. 19); AFFIDAVIT OF FACT (ECF No. 20); CHOICE IN ACTION: Terminate unlawful foreclosure/sale by special proceeding, return of title deed(s), escrow(s), cost and damages (ECF No. 22); and CHOICE IN ACTION: Terminate unlawful foreclosure/sale by special proceeding, return of title deed(s), escrow(s), cost and damages (ECF No. 23). In one way or another, these documents demand from the defendants or from the Clerk of this Court something that they have no obligation to do. Indeed, not one of these documents is an appropriate pleading in a federal court. Therefore, they are all denied and the Clerk shall mark them terminated.

The Clerk is directed to send a copy of this Memorandum Opinion to Kobi J. Mullins.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 29, 2017